## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **REGIS COTTON, individually and on behalf of all persons similarly situated,** | Civil Action No.: 6:25-cv-71 (DNH/ML) |
| **Plaintiff,** | **CLASS AND COLLECTIVE ACTION** |
| v. | **Jury Trial Demanded** |
| **CHARLES T. SITRIN HEALTH CARE CENTER, INC.,** | |
| **Defendant.** | |

## CLASS AND COLLECTIVE ACTION COMPLAINT

Plaintiff Regis Cotton ("Plaintiff"), through her undersigned counsel, individually and on behalf of all persons similarly situated, files this Class and Collective Action Complaint against Defendant Charles T. Sitrin Health Care Center ("Defendant" or "Sitrin"), seeking all available relief under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq*. ("FLSA"), and under the New York Labor Law Articles 6 and 19 ("NYLL"), NYLL § 190, *et seq* and NYLL §650, *et seq.* and the supporting New York State Department of Labor Regulations, N.Y. Comp. Codes R. & Regs. tit. 12, Part 142 ("NYCRR"). The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others.

### INTRODUCTION

1. Defendant operates a health care center in New Hartford, New York, that offers a range of health care and related services including medical rehabilitation, assisted living, and long-term residential care to the elderly and individuals with disabilities.

2. This case is about Defendant's willful failure to pay Plaintiff and all similarly situated non-exempt employees all overtime compensation due under the FLSA and NYLL.

3. This case is further about Defendant's failure to pay sick time at the correct rates of pay, failure to pay all wages due upon termination including earned Paid Time Off (PTO), and failure to provide accurate wage statements in violation of NYLL.

## JURISDICTION AND VENUE

4. The exercise of jurisdiction over Plaintiff's FLSA claim is proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5. This Court has supplemental jurisdiction over Plaintiff's New York state law claims under 28 U.S.C. § 1367 because the state law claims share a common nucleus of operative facts with Plaintiff's federal law claims.

6. Venue in this Court is proper pursuant to 28 U.S.C. § 1391. Defendants are incorporated in this District and conduct business in this District.

## PARTIES

7. Plaintiff Regis Cotton is an individual residing in Newport, New York. Defendant employed Plaintiff part time as a receptionist from October 2018 through July 2023 and as a Companion Care Aide (CCA) from approximately August 2021 through July 2023.

8. Plaintiff's written consent to be a plaintiff in this action pursuant to 29 U.S.C. § 216(b) is attached hereto as Exhibit A.

9. Defendant is a nonprofit corporation that can be served at 2050 Tilden Ave, PO Box 1000, New Hartford, NY 13413. Defendant's identification number registered with the New York Department of State is 1512887.

10. The unlawful acts alleged in this Complaint were committed by Defendant and/or Defendant's officers, agents, employees, or representatives, while actively engaged in the management of Defendant's businesses or affairs and with the authorization of Defendant.

11. At all times relevant to this Complaint, Plaintiff and similarly situated employees were employees of Defendant and covered by the FLSA. 29 U.S.C. § 203(e).

12. At all times relevant to this Complaint, Plaintiff and similarly situated employees were "employees" of Defendant and covered by NYLL. *See* NYLL § 190.2.

13. Defendant is an employer covered by the FLSA and NYLL. *See* 29 U.S.C. § 203(d); NYLL § 190.3.

14. Defendant employed Plaintiff and continues to employ similarly situated employees in New York.

15. Defendant employs individuals engaged in commerce or in the production of goods for commerce and/or handling, selling, or otherwise working on goods or materials that have been moved in or produced in commerce by any person, as required by 29 U.S.C. §§ 206-207.

16. Defendant's annual gross volume of sales made or business done exceeds $500,000.

## CLASS AND COLLECTIVE DEFINITIONS

17. Plaintiff brings Count I of this lawsuit pursuant to the FLSA, 29 U.S.C. § 216(b) as a collective action on behalf of herself and the following similarly situated persons:

> All non-exempt employees who worked for Defendant in the past three years in the United States and who were not paid overtime compensation when they worked over forty (40) hours in a workweek (the "FLSA Collective").

18. Plaintiff brings Count II of this lawsuit pursuant to FED. R. CIV. P. 23 and NYLL § 190, *et seq.* on behalf of herself and the following class:

> All non-exempt employees who worked for Defendant in the past six years in the New York and who were not paid overtime compensation when they worked over forty (40) hours in a workweek (the "Overtime Class").

19. Plaintiff brings Count III of this lawsuit pursuant to FED. R. CIV. P. 23 and the NYLL § 196-B on behalf of herself and the following class:

> All employees who worked for Defendant in the past six years in New York and who received two or more rates of pay and used sick time on at least one occasion (the "Sick Time Class").

20. Plaintiff brings Count IV of this lawsuit pursuant to FED. R. CIV. P. 23 and the NYLL §§ 191, 198-c, on behalf of herself and the following class:

> All employees who worked for Defendant in the past six years in New York and who were not paid the value of their accrued PTO balance upon the end of their employment with Defendant (the "PTO Class").

21. The Overtime Class, Sick Time Class, and the PTO Class are together referred to as the "New York Classes" with individual members referred to as the "New York Class Members."

22. The FLSA Collective and New York Classes are together referred to as the "Classes," with individual members referred to as "Class Members."

23. Plaintiff reserves the right to redefine the Classes prior to notice, and thereafter, as necessary.

## FACTS

24. Sitrin is a health care center that offers a range of health care and related services including medical rehabilitation, assisted living, and long-term residential care to the elderly and individuals with disabilities.

25. Sitrin's assisted living and long-term residential care facilities serve hundreds of residents.

26. Defendant employs hundreds of individuals to operate its health care center.

27. Defendant employed Plaintiff as a part time Receptionist from October 2018 through July 2023. Starting approximately August 2021, Defendant concurrently employed Plaintiff as a receptionist and in an additional role as a Companion Care Aide until July 2023.

28. Throughout her employment, Defendant classified Plaintiff as a non-exempt hourly employee.

29. At all times relevant herein, Defendant has operated a willful and intentional scheme to deprive Plaintiff and other non-exempt workers of overtime compensation by implementing a straight-time-for-overtime pay scheme.

30. As a Receptionist, Plaintiff was paid $15.28 per hour and was primarily responsible for answering phones and providing information to Defendant's clients.

31. As a Companion Care Aide, Plaintiff was paid $22.92 per hour and was primarily responsible for ensuring the safety and wellbeing of Defendant's elderly patients, answering call bells, and assisting patients with their various needs and daily tasks.

32. Between August 2021 and July 2023, Plaintiff regularly worked forty (40) or more hours per week.

33. Plaintiff observed that other Class Members also worked in excess of forty hours a week.

34. Although Plaintiff and other Class Members routinely worked in excess of forty (40) hours per workweek, Defendant failed to pay Plaintiff and other Class Members overtime at the required rate for all hours worked in excess of forty (40) hours per workweek.

35. Defendant denied Plaintiff and other Class Members overtime pay as a result of a widely applicable, illegal pay practice.

36. Defendant is aware of its obligation to pay overtime for all hours worked in excess of forty (40) hours each week in accordance with federal and state laws, but failed to do so.

37. When Plaintiff worked over forty (40) hours a week, Defendant only paid Plaintiff straight time wages for each hour of work.

38.     Defendant intentionally manipulated Plaintiff's pay statements and labeled her overtime hours worked as "Retro Pay" or "Retro Dollars" to avoid paying overtime wages and to make it harder for plaintiff to discover Defendant's improper pay practices.

39.     For example, during the week of June 4, 2023, to June 10, 2023, Plaintiff worked a total of 47.18 hours over seven days, which includes 7.18 hours of overtime. Instead of paying Plaintiff overtime, Defendant instead categorized the overtime hours a "Retro Pay" and paid Plaintiff her $22.92/hour straight time rate for each of those hours. As a result, Defendant underpaid her overtime premiums in the amount of $82.28 during that week.

40.     When Plaintiff realized she was not getting paid overtime, she reported her concerns to Defendant's supervisors and management personnel and requested proper overtime pay. In response, Defendant's supervisors told Plaintiff that they would not pay her time and one-half overtime premiums because her hourly rate as a companion care aide was already higher than her receptionist hourly rate.

41.     Defendant employed other individuals who performed similar work under similar pay provisions as Plaintiff.

42.     At all times relevant to this Complaint, Defendant acted willfully and/or with reckless disregard of the applicable FLSA provisions by failing to properly compensate Plaintiff and other Class Members for all hours worked, including overtime compensation under the FLSA and New York Labor Law.

43.     Based on information and belief, Defendant continues in its failure to pay Class Members proper overtime compensation for hours worked over forty (40) hours in a workweek.

44.     Defendant has also operated a willful and intentional scheme to deprive Plaintiff and other non-exempt workers of required sick leave pay.

45. Instead of paying Plaintiff her regular rate when she took sick leave, Defendant instead paid Plaintiff her lowest hourly rate.

46. Defendant denied Plaintiff and Sick Time Class members sick leave pay as a result of a widely applicable, illegal pay practice.

47. Defendant also operated a willful and intentional scheme to deprive Plaintiff and other non-exempt workers of vacation benefits.

48. Throughout Plaintiff's employment, Plaintiff accrued vacation benefits provided by Defendant.

49. Pursuant to its employment policies, Defendant agreed to provide employees vacation benefits as paid time off ("PTO"), which Defendant paid in accordance with its normal payroll practices.

50. Defendant terminated Plaintiff's employment in July of 2023.

51. At the time of Plaintiff's termination, Plaintiff had accrued 40.39 hours of PTO.

52. Defendant failed to pay Plaintiff her accrued PTO at the time of her termination in July 2023 in accordance with Defendant's regular payroll practices.

53. Defendant denied Plaintiff and PTO Class members wages as a result of a widely applicable, illegal pay practice.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

54. Plaintiff brings this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of herself and the FLSA Collective as defined above.

55. Plaintiff desires to pursue her FLSA claims on behalf of all individuals who opt-in to this action pursuant to 29 U.S.C. § 216(b).

56. Plaintiff and the FLSA Collective members are "similarly situated" as that term is

used in 29 U.S.C. § 216(b) because, *inter alia*, all such individuals currently work or have worked pursuant to Defendant's previously described common business and compensation practices as described herein, and, as a result of such practices, have not been properly paid overtime compensation for all hours worked over forty (40) in a workweek during the relevant time period. Resolution of this action requires inquiry into common facts, including, Defendant's common compensation, classification, and payroll practices applicable to the employees at issue.

57. The FLSA Collective members are known to Defendant, are readily identifiable through HR and payroll records, and can easily be located through Defendant's business and human resources records and electronic systems.

58. Defendant employs many FLSA Collective members. These similarly situated employees, consisting of both current and former employees who have been employed by Defendant during the relevant three-year statute of limitations period, should promptly be notified in writing of this action through U.S. mail, email, and text message and/or other means, and allowed to opt-in to this action pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid wages, liquidated damages (or, alternatively, interest), and attorneys' fees and costs under the FLSA.

## CLASS ACTION ALLEGATIONS

59. Plaintiff also brings this action as a class action pursuant to FED R. CIV. P. 23 on behalf of herself and the New York Classes defined above.

60. The members of the New York Classes are so numerous that joinder of all members is impracticable. Upon information and belief, there are more than forty (40) members of the New York Classes.

61. Plaintiff will fairly and adequately represent and protect the interests of the New

York Classes because there is no conflict between the claims of Plaintiff and those of the New York Classes, and Plaintiff's claims are typical of the claims of the New York Class Members. Plaintiff's Counsel are competent and experienced in class action litigation and other complex litigation, including wage and hour cases like this one.

62. There are questions of law and fact common to the proposed New York Classes, which predominate over any questions affecting only individual class members, including without limitation: whether Defendant has violated and continues to violate the laws of New York through its straight time for overtime pay scheme, its failure to pay sick leave, and its failure to pay final wages.

63. Plaintiff's claims are typical of the claims of the New York Classes in the following ways, without limitation: (a) Plaintiff is a member of the New York Classes; (b) Plaintiff's claims arise out of the same policies, practices, and course of conduct of Defendant that form the basis of the claims of the New York Classes; (c) Plaintiff's claims are based on the same legal and remedial theories as those of the New York Classes and involve similar factual circumstances; (d) there are no conflicts between the interests of Plaintiff and the New York Class Members; and (e) the injuries suffered by Plaintiff are similar to the injuries suffered by the New York Class Members.

64. Class certification is appropriate under FED. R. CIV. P. 23(b)(3) because questions of law and fact common to the New York Classes predominate over any questions affecting only individual New York Class Members.

65. Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions

would entail. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy. The New York Classes are readily identifiable from Defendant's own employment records. Prosecution of separate actions by individual members of the New York Classes would create the risk of inconsistent or varying adjudications with respect to individual New York Class Members that would establish incompatible standards of conduct for Defendant.

66. A class action is superior to other available methods for adjudication of this controversy because joinder of all members is impractical. Further, the amounts at stake for many of the New York Class Members, while substantial, are not great enough to enable them to maintain separate suits against Defendant.

67. Without a class action, Defendant will retain the benefit of its wrongdoing, which will result in further damages to Plaintiff and the New York Classes. Plaintiff envisions no difficulty in the management of this action as a class action.

**COUNT I**
**Violation of the FLSA**
**on Behalf of Plaintiff and the FLSA Collective Members**

68. All previous paragraphs are incorporated as though fully set forth herein.

69. The FLSA requires that covered employees be compensated for all hours worked under forty (40) hours at the regular rate at which he/she is employed. *See* 29 U.S.C. § 206.

70. The FLSA requires that covered non-exempt employees be compensated for all hours worked in excess of forty (40) hours per week at a rate not less than one and one-half (1 ½) times the regular rate at which he/she is employed. *See* 29 U.S.C. § 207 and 29 C.F.R. § 552.100.

71. The FLSA defines "employer" broadly to include "any person acting directly or

indirectly in the interest of an employer in relation to an employee..." 29 U.S.C. § 203(d).

72. Defendant is subject to the wage requirements of the FLSA because Defendant is an "employer" under 29 U.S.C. § 203(d) and 29 C.F.R. § 552.109(a).

73. At all relevant times, Defendant has been an "employer" engaged in interstate commerce and/or in the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203 and 29 C.F.R. § 552.100.

74. During all relevant times, Plaintiff and the FLSA Collective Members have been covered employees entitled to the above-described FLSA's protections. *See* 29 U.S.C. § 203(e).

75. Plaintiff and the FLSA Collective Members are not exempt from the requirements of the FLSA.

76. Defendant, pursuant to its policies and practices, failed and refused to pay overtime wages for all hours worked in excess of forty (40) in a workweek by Plaintiff and the FLSA Collective Members during the relevant time period.

77. Defendant knowingly failed to properly compensate Plaintiff and the FLSA Collective Members' overtime wages for hours worked in excess of forty (40) in a workweek, in violation of 29 U.S.C. § 207 and 29 C.F.R. § 552.100.

78. In violating the FLSA, Defendant acted willfully and with reckless disregard of clearly applicable FLSA provisions.

79. Pursuant to 29 U.S.C. § 216(b), employers such as Defendant, who intentionally fail to pay an employee wages in conformance with the FLSA shall be liable to the employee for unpaid wages, liquidated damages, court costs, and attorneys' fees incurred in recovering the unpaid wages.

## COUNT II
## Violation of New York Labor Law
## (On Behalf of Plaintiff and the Overtime Class Members)

80. All previous paragraphs are incorporated as though fully set forth herein.

81. The overtime wage provisions of Article 19 of the New York Labor Laws and its supporting regulations 12 NYCRR § 142-3 apply to Defendant and protect Plaintiff and the Overtime Class Members. *See* 12 NYCRR § 142-3.12, 3.13.

82. The NYLL requires that covered employees be compensated for all hours worked in excess of forty (40) hours per week at a rate not less than one and one-half (1½) times the regular rate at which he is employed. *See* 12 NYCRR § 142-3.2.

83. During all relevant times, Plaintiff and the Overtime Class were covered employes entitled to the above-described NYLL protections. *See* 12 NYCRR § 142-3.12.

84. During all relevant times, Plaintiff and the Overtime Class did not qualify as exempt from the overtime requirements of the NYLL under 12 NYCRR § 142-3.12.

85. Defendant knowingly failed to compensate Plaintiff and the Salary Class at a rate of one and one-half (1 ½) times their regular hourly wage for hours worked in excess of forty (40) hours per week, in violation of NYLL and its supporting regulations. 12 NYCRR § 142-3.2.

86. Due to Defendant's violations of the NYLL, Plaintiff and the Overtime Class Members are entitled to recover from Defendant their unpaid overtime wages, attorneys' fees, costs, prejudgment interest and liquidated damages. NYLL § 198 (1-a).

87. Due to Defendant's violations of NYLL § 195(3), Plaintiff and the Overtime Class are entitled to statutory penalties as provided for in NYLL § 198 (1-d).

## COUNT III
## Violation of New York Labor Law § 196-B
## (On Behalf of Plaintiff and the Sick Time Class Members)

88. All previous paragraphs are incorporated as though fully set forth herein.

89. New York Labor Law requires that mid-size and large employers provide employees with paid sick leave each calendar year. NYLL § 196-B.

90. Defendant is an employer covered by NYLL § 196-B.

91. Plaintiff and the Sick Time Class Members are employees entitled to the protections of NYLL § 196-B.

92. NYLL requires that employers pay employees their regular rate of pay for sick leave hours.

93. Under NYLL, "[e]mployees who are paid at more than one rate of pay must be paid for leave under the law at the weighted average of those rates." *See* Fact Sheet: Paid Sick Leave For Employers, New York Department of Labor (December 2020) (last accessed November 1, 2024) https://www.ny.gov/new-york-paid-sick-leave/new-york-paid-sick-leave#permitted_uses.

94. Defendant knowingly failed to pay Plaintiff and members of the Sick Time Class the required wages for sick time hours used.

95. Due to Defendant's violations of the NYLL, Plaintiff and the Sick Time Class Members are entitled to recover from Defendant their unpaid wages, attorneys' fees, costs, prejudgment interest and liquidated damages. NYLL § 198 (1-a).

## COUNT IV
## Violation of New York Labor Law
## (On Behalf of Plaintiff and the PTO Class Members)

96. All previous paragraphs are incorporated as though fully set forth herein.

97. Defendant violated the rights of Plaintiff and the PTO Class Members by failing to

pay the value of accrued PTO upon termination of employment.

98. NYLL requires that employers pay wages in accordance with the frequency requirements of NYLL § 191.

99. NYLL 198-c(2) defines wages as including "vacation, separation or holiday pay." *See also* NYLL 190(1).

100. Pursuant to its employment policies, Defendant agreed to provide employees vacation benefits as paid time off ("PTO"), which Defendant paid in accordance with its normal payroll practices.

101. Defendant terminated Plaintiff's employment in July of 2023.

102. At the time of Plaintiff's termination, Plaintiff had accrued 40.39 hours of PTO.

103. Defendant failed to pay Plaintiff her accrued PTO at the time of her termination in July 2023 in accordance with Defendant's regular payroll practices.

104. Defendant knowingly failed to pay Plaintiff and members of the PTO Class all wages due upon termination of employment.

105. Due to Defendant's violations of the NYLL, Plaintiff and the PTO Class Members are entitled to recover from Defendant their unpaid wages, attorneys' fees, costs, prejudgment interest and liquidated damages. NYLL §§ 198 (1-a), 663.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff seeks the following relief on behalf of themselves and the Class Members:

    a. An order permitting this litigation to proceed as an FLSA collective action pursuant to 29 U.S.C. § 216(b);

    b. Prompt notice, pursuant to 29 U.S.C. § 216(b), of this litigation to all potential FLSA Collective Members;

c. An order permitting this litigation to proceed as a class action pursuant to Fed. R. Civ. P. 23 on behalf of the New York Classes;

d. Back pay damages (including overtime compensation) and prejudgment interest to the fullest extent permitted under the law;

e. Liquidated damages to the fullest extent permitted under the law;

f. Litigation costs, expenses, and attorneys' fees to the fullest extent permitted under the law; and

g. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all claims and issues.

Dated: January 15, 2025                    Respectfully submitted,

*s/ Mariyam Hussain*
Mariyam Hussain
(NDNY Bar Number: 706008)
**BERGER MONTAGUE PC**
110 N. Wacker Drive, Suite 2500
Chicago, IL 60606
Telephone: (773) 666-4316
mhussain@bm.net

Camille Fundora Rodriguez*
Michael J. Anderson*
**BERGER MONTAGUE PC**
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: (215) 875-4635
Facsimile: (215) 875-4604
crodriguez@bm.net
manderson@bm.net

*Attorneys for Plaintiff and the Proposed Class and Collective Members*

*\* Pro hac vice forthcoming*